(101 So. 331)

**CARAWAY v. STATE. (4 Div. 943.)**

(Court of Appeals of Alabama. Sept. 2, 1924.)

**1. Jury ⊜⟹80—Not error to force one accused of violation of liquor laws to select jury from 59 veniremen present out of 60 ordered summoned.**

Under Acts 1909, p. 305, as amended by Acts 1919, p. 1039, it was not error to require one accused of violation of liquor laws to choose a jury from 59 veniremen present out of 60 ordered summoned, the other being out of county.

**2. Intoxicating liquors ⊜⟹238(1)—Refusal of affirmative charges, in view of sufficient evidence to submit to jury, held proper.**

In prosecution for illegal manufacture of prohibited liquors and possession of a still, where there was sufficient evidence of accused's guilt to submit to the jury, a general affirmative charge for accused and an affirmative charge as to manufacturing were properly refused.

Appeal from Circuit Court, Dale County; J. S. Williams, Judge.

Tom Caraway was convicted of violating the prohibition law, and appeals. Affirmed.

Sollie & Sollie, of Ozark, for appellant.

Counsel argue the questions raised, but without citing authorities.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

FOSTER, J. There were five counts in the indictment. The first, second, and third counts charged the manufacture of prohibited liquors, and the fourth and fifth counts charged the possession of a still to be used for the manufacture of prohibited liquors. The evidence for the state was directed to showing that the defendant was found at two stills about three feet apart, from which whisky was running; that he was seen pushing fire under one of the stills; that when the officers approached the defendant ran off. The defense was an alibi, and the defendant sought to show that the man whom the officers saw at the still was one Wyatt Johnson.

[1] There were 60 jurors ordered summoned for the week this cause was set for trial. The sheriff's return showed the summons executed on all except W. Rhett Young. The evidence showed that Young left the county on Sunday night. It was not shown whether or not he was in the county "at the time the sheriff sought to serve a summons on him." Where 59 of the 60 regular veniremen appeared in court, and the return of the sheriff showed one not found,

and the evidence showed that the absent venireman was out of the county, it was not error for the trial court to require the defendant, charged with a noncapital felony, to select a jury of 12 from the list of 59, and to go to trial in the absence of one venireman returned not found. Acts 1909, p. 305, as amended by Acts 1919, p. 1039.

We have examined carefully all of the exceptions reserved to the admission of evidence, and find they are without merit. It will serve no useful purpose to go into a detailed discussion of the questions raised.

[2] There were 23 written charges refused to the defendant, and 31 requested charges given. We have compared these charges, and find that all of the refused charges except 4 and 12 are fully covered by given charges. Charge 4 is the general affirmative charge for the defendant, and charge 12 is the affirmative charge for the defendant as to the third count of the indictment. Charges 4 and 12 were properly refused, as there was ample evidence to submit to the jury the question of guilt vel non of the defendant.

From the record it appears that the defendant was accorded a fair and impartial trial, and that there was no error prejudicial to his rights. Let the judgment of the circuit court be affirmed.

Affirmed.